IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-40970-TJM |
| | ) | |
| SCOTT M. ERICKSON , d/b/a | ) | CH. 7 |
| Business Office Systems, and | ) | |
| KIMBERLY T. ERICKSON, d/b/a | ) | |
| Western Document Imaging, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

  Hearing was held in Lincoln, Nebraska, on October 12, 2011, regarding Fil. #88, Motion for Sanctions for Violation of the Automatic Stay, filed by the debtors, and Fil. #91, Objection, filed by Neopost USA, Inc. Jeffrey Knapp appeared for the debtors, and James Niemeier and Clair Wischusen appeared for Neopost USA, Inc.

  Prior to filing this Chapter 7 case, the debtors operated a sole proprietorship called "Business Office Systems." One of their suppliers/creditors, Neopost USA, Inc., brought an action in the United States District Court for the District of Nebraska in an attempt to change some business practices of Business Office Systems and to collect on pre-petition debt.

  In response to the litigation, the debtors, individually, eventually filed this Chapter 7 case. The petition included "dba Business Office Systems" in the title and that company name was also included in the notice of the first meeting of creditors. They scheduled creditors of Business Office Systems, including Neopost, and provided notice of the filing to Neopost.

  Both pre-petition and post-petition, the debtors' lawyer and Nebraska-based attorneys for Neopost, as well as out-of-state attorneys for Neopost, were in contact with one another, sometimes by telephone.

  After the bankruptcy was filed, Neopost sent at least three invoices to Business Office Systems at the debtors' home address, not the former business address, requesting payment of various obligations. One invoice showed an amount past due for pre-petition obligations in the amount of $64,327.02. Even though Neopost claims that none of the invoices were actual demands for payment from the debtors, it is clear from the language on the face of the invoice that payment was being demanded.

  In response to the first two invoices, counsel for the debtors sent cease and desist letters to Neopost at two different post office box addresses. Those were addresses contained on the invoices. He did not, however, contact counsel for Neopost by telephone or by copy of the letters.

  After the third invoice was received, counsel for the debtors filed this motion for sanctions for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1). That section provides:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

  "To prevail under § 362(k), the debtor must show: (1) the creditor violated the automatic stay; (2) the violation was willful; and (3) the debtor was injured by the violation. A violation is willful 'when the creditor acts deliberately with knowledge of the bankruptcy petition.'" Marino v. Seeley

<u>(In re Marino)</u>, 437 B.R. 676, 678 (B.A.P. 8th Cir. 2010) (internal citations omitted). "A willful violation does not require a finding of intent. '[A]n act is deemed to be a willful violation if the violator knew of the automatic stay and intentionally committed the act regardless of whether the violator specifically intended to violate the stay.'" <u>In re Anderson</u>, 430 B.R. 882, 888 (Bankr. S.D. Iowa 2010) (internal citations omitted).

At the hearing on the motion, the debtors provided a summary of the monetary damages that resulted from the employment of an attorney to stop the continuing invoicing. The monetary damages equal the amount of the attorney fees. No evidence of any other monetary damages was presented.

In response to the motion, Neopost first asserts that the letters from debtors' counsel to Neopost went to post office box addresses instead of to the legal department or to counsel whom the letter writer was aware were representing Neopost. Then, Neopost claims that none of the invoices demand payment or threaten to take any legal action against Business Office Systems or the Ericksons. Neopost goes on to assert that the Ericksons do not have standing to seek sanctions for invoices sent to Business Office Systems. Finally, Neopost asserts that there was no willful violation by Neopost.

I do not agree that the invoices were not prohibited communications requesting payment and I further do not agree that the Ericksons do not have standing to bring this motion for sanctions. First, as mentioned above, it is clear on the face of the invoices that Neopost expected payment and that was the reason the invoices were sent. Second, the debtors are individuals operating a business as a sole proprietorship. There is no corporate entity or partnership entity involved. Collection activity was aimed at them and mailed to their home address. They therefore have standing.

I do agree that it was inappropriate for counsel for the debtors to mail the cease and desist letters to post office boxes rather than communicating directly with known counsel for Neopost. Counsel's explanation that his office practice is to send letters to the address contained on the invoices is a logical practice, but when he knows the offending creditor is represented by counsel, the proper procedure is to notify counsel directly of the problem. If he had done so, Neopost would have been told by its counsel to shut off the computer sending the invoices. As soon as counsel for Neopost received a copy of the motion, their first indication there was a problem, the invoices were stopped.

Although the Ericksons are upset about receiving collection letters post-petition, and about having to employ the services of an attorney to stop the collection letters, there is no evidence in this record that any individual or group at Neopost willfully violated the stay. Apparently, Neopost does not have a very good system for stopping the billing process when it receives notice of a bankruptcy, but that in-house problem is not equivalent of a willful violation of the automatic stay.

IT IS ORDERED that the Motion for Sanctions for Violation of the Automatic Stay, Fil. #88, is denied.

DATED:     October 18, 2011

>BY THE COURT:

>  /s/ Timothy J. Mahoney
> United States Bankruptcy Judge

Notice given by the Court to:
  *Jeffrey Knapp
  James Niemeier
  Clair Wischusen
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.